RICHARD D. CAMPBELL, ISB No. 5177
WILLIAM A. GIERI, ISB No. 11366
CAMPBELL & BISSELL, PLLC
820 W. 7th Avenue
Spokane, WA 99204
Telephone: (509) 455-7100
Fax: (509) 455-7111
Email: rcampbell@campbell-bissell.com
         wgieri@campbell-bissell.com

Attorneys for Automatic Fire System Services, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of AUTOMATIC FIRE SYSTEM SERVICES, INC., a Montana Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>OUTSIDE THE BOX, LLC, a Virginia limited liability company and AEGIS SECURITY INSURANCE COMPANY, Bond No. B10 031 695, a foreign corporation,<br><br>Defendants | Case No.  1:21-cv-113<br><br><br>**AUTOMATIC FIRE SYSTEM SERVICES, INC.'S COMPLAINT** |

Automatic Fire Systems Services, Inc. ("AFSS") alleges as follows:

### Nature of Action

1. This is an action for damages arising out of Outside the Box, LLC's ("OTB") refusal to pay AFSS $218,705.65 through pay application 07 dated September 26, 2019, and $278,097.70 through final billing for work performed on a federal construction project for the National Park Service known as the Rehabilitate and Adaptively Reuse the Relocation Center

AUTOMATIC FIRE SYSTEM SERVICES, INC.'S COMPLAINT - 1

Warehouse for the Minidoka Visitor Station Project at the Minidoka National Historic Site, MIIN—159776 ("Project").

2. AFSS was hired by OTB to perform the fire suppression scope of work, which consisted of the following specifications of work: Division 21-00-00 Fire Suppression, Division 21-05-00 and 21-05-33 Common Work Result for Fire Suppression, Division 21-05048 Vibration and Seismic Controls, Division 21-05-32 Identification for Fire Sprinkler Piping, Division 21-11-00 Facility Fire Suppression Water Service Piping, Division 21-12-19 Ground Mounted Water Storage Tanks, Division 21-13-00 Fire Suppression Sprinklers and 21-31-16 Diesel Drive Fire Pump.

3. AFSS completed its scope of work and has not been fully compensated despite demands being made.

### Parties

4. AFSS is a Montana corporation with its principal place of business in Missoula County, Montana and is duly licensed, bonded and insured to conduct contracting work within the state of Idaho. AFSS has done all things required of it to maintain this action.

5. OTB is a Virginia limited liability company performing work within the state of Idaho.

6. Aegis Security Insurance Company is a foreign corporation with its principal place of business in Harrisburg, PA. Aegis is a licensed surety company and issued a surety bond, bond number B10 031 695 ("the Bond") to OTB for the protection of AFSS pursuant to the federal Miller Act, 40 U.S.C. § 3131 *et seq.*

////

AUTOMATIC FIRE SYSTEM SERVICES, INC.'S COMPLAINT - 2

## Jurisdiction and Venue

7. This Court has original jurisdiction over this complaint pursuant to 28 U.S.C. § 1331 in that a cause of action alleged herein arises under federal law that created the cause of action, to wit: the federal Miller Act, 40 U.S.C. § 3131 *et seq*.

8. This Court also has supplemental jurisdiction over the remaining causes of action under 28 U.S.C. § 1367 in that they are substantially related to the original claim such that they form part of the same case or controversy under Article III of the United States Constitution.

9. This Court has personal jurisdiction over OTB and Aegis because they conducted business within this judicial district.

10. Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to this complain occurred in this judicial district and on federal land, as well as pursuant to 40 U.S.C. § 3133(b)(3)(B).

## Facts Common to all Causes of Action

11. AFSS entered into a subcontract with OTB on March 12, 2018.

12. Between August 1, 2019 and July 16, 2020, AFSS furnished delivered and provided labor, materials, equipment, and services as required by its Subcontract with OTB. All labor, materials, equipment, and services furnished by AFSS were used and incorporated into the Project.

13. AFSS performed all work required of it under the Subcontract and has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Subcontract, except as the same have been excused, waived, and/or prevented by OTB or others.

14. AFSS encountered excusable and compensable delays during the Project.

15. During the Project, OTB expressly, constructively, and impliedly directed AFSS to perform additional work beyond the scope of the Subcontract for which it is entitled to be paid.

16. AFSS performed its work in accordance with the contractual requirements as amended or modified.

17. To date, and despite demands made, OTB has wrongfully refused payment to AFSS in the principal amount of $278,079.70 exclusive of interest, lost bonding capacity, and attorney fees and costs.

### First Cause of Action
### (Breach of Contract v. OTB)

18. AFSS realleges paragraphs 1-17 above.

19. OTB materially breached express and implied obligations in the Subcontract with AFSS, including the implied obligation of good faith and fair dealing.

20. Under Idaho law, AFSS is entitled to recover prejudgment and post-judgement interest on this liquidated sum pursuant to Idaho Code § 28-22-104.

21. Under Idaho law, AFSS is entitled to recover its reasonable attorney fees and costs pursuant to Idaho Code § 12-120(3).

22. As a direct and proximate result, AFSS has been damaged in an amount to be proven at trial but believed to be $278,079.70 exclusive of interest, lost bonding capacity, and attorney fees and costs, to which it is entitled and is seeking here.

### Second Cause of Action
### (Violation of Federal Prompt Pay Act, 39 U.S. Code Chapter 39)

23. AFSS realleges paragraph 1-22 above.

24. Pursuant to 31 U.S.C. § 3905(e)(1), OTB was required to furnish AFSS with a notice ascertaining the cause given rise to any withholding prior to the due date of payment and failed to do so.

25. Likewise, OTB was required to furnish the National Park Service with a copy of this notice pursuant to 31 U.S.C. § 3905(e)(2), and since no such notice was provided to AFSS, it is believed no notice was provided to the National Park Service.

26. OTB failed to pay AFSS as soon as practicable after the correction of any identified subcontract performance deficiency and make payment within 7 days after correction of the deficiency or after OTB recovered such funds from the National Park Service as required in 31 U.S.C. § 3905(e)(4).

27. OTB failed to provide AFSS with written notice of any withholding specifying the amount to be withheld, the specific causes for the withholding under the terms of the subcontract, and the remedial actions to be taken by the subcontractor in order to receive payment of the amounts withheld as required by U.S.C. § 3905(g).

28. As a result of the foregoing, must pay a late payment interest penalty computed at the rate specified in 31 U.S.C. § 3902(a).

### Third Cause of Action
### (Unjust Enrichment v. OTB)

29. AFSS realleges paragraphs 1-17 above.

30. In the alternative to its first cause of action, AFSS is entitled to recover against OTB under the theory of Quantum Meruit/Unjust Enrichment.

31. AFSS provided valuable labor, materials, equipment, and services which were necessary for OTB to perform its obligations under its prime contract with the National Park Service.

32. OTB relied upon the labor, materials, equipment, and services to obtain payment from the National Park Service.

33. OTB was materially benefitted by the labor, materials, equipment, and services provided by AFSS and which were consumed in the prosecution of the work. OTB could not have completed its contract without AFSS' scope of work and performance thereunder and would not have received payment from the National Park Service.

34. Despite having materially benefitted from the labor, materials, equipment, and services provided by AFSS, OTB has failed and refused to fully compensate AFSS for the value of its work, despite being paid by the National Park Service for the same.

35. As a result, OTB has been unjustly enriched as a result of its failure to pay AFSS for the labor, materials, equipment, and services it provided at OTB's direction.

36. Under Idaho law, AFSS is entitled to be compensated by OTB for the reasonable value of the labor, materials, equipment, and services that were substantially consumed in the prosecution of the work under the prime contract as it would be inequitable and unconscionable for OTB to be materially and unjustly enriched by the same to the financial detriment of AFSS.

37. OTB has been unjustly enriched in an amount believed to be not less than $278,079.70, exclusive of interest, lost bonding capacity, and attorney fees and costs, or in such other amounts as may be proven at trial.

////

## Fourth Cause of Action
### (Foreclosure of Federal Miller Act Payment Bond v. Aegis)

38. AFSS realleges paragraphs 1-28 above.

39. The Bond is a payment bond as described under the Miller Act, 40 U.S.C. § 3131(b)(2) and provided by OTB to the National Park Service for the purposes described in the Act.

40. AFSS is a member of the class of entities and persons the Miller Act is intended to protect.

41. Aegis is obligated under the Bond to pay AFSS for the labor, materials, equipment, and services it provided at the direction and request of OTB that were substantially consumed in the prosecution of the work under the prime contract and not paid by OTB.

42. Aegis has failed to fulfill its obligations under the Bond to pay AFSS for the labor, materials, equipment, and services it provided at the direction of OTB that were substantially consumed in the prosecution of the work under the prime contract and not paid by OTB.

43. This action was timely brought after ninety days and before one year from the last work provided by AFSS.

44. AFSS is entitled to payment from Aegis under the Bond and pursuant to the Miller Act, 40 U.S.C. § 3131(b)(1) in the principal amount of $278,079.70, exclusive of interest, lost bonding capacity, and attorney fees and costs, or in such other amounts as may be proven at trial.

### Prayer for Relief

Wherefore, Plaintiff Automatic Fire System Services, Inc. prays for the following relief:

AUTOMATIC FIRE SYSTEM SERVICES, INC.'S COMPLAINT - 7

1. For judgment against Outside the Box, LLC in the liquidated principal amount of $278,079 on its First Cause of Action for breach of contract;

2. In the alternative, for judgment against Outside the Box, LLC on its Third Cause of Action for Quantum Meruit/Unjust Enrichment or for such other amount as may be proven at trial;

3. For an award of prejudgment and post-judgment interest pursuant to Idaho Code § 28-22-104 and/or 31 U.S.C. § 3902(a);

4. For an award of its costs and attorney fees pursuant to the terms of the Subcontract and Idaho Code § 12-120(3);

5. For an order foreclosing its claim against the payment bond posted by Aegis as surety in the principal amount of AFSS' claim, plus interest, costs and attorney fees; and

6. For such other and further relief as this Court deems just and equitable.

DATED this 11th day of March, 2021.

        CAMPBELL & BISSELL, PLLC

        */s/ Richard D. Campbell*
        RICHARD D. CAMPBELL
        WILLIAM M. GIERI
        Attorneys for Automatic Fire System Services, Inc.
        Corbet-Aspray House
        820 W. 7th Avenue
        Spokane, WA 99204
        Telephone: (509) 455-7100
        Facsimile: (509) 455-7111
        E-mail: rcampbell@campbell-bissell.com
                wgieri@campbell-bissell.com