UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of AUTOMATIC FIRE SYSTEM SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OUTSIDE THE BOX, LLC, a Virginia limited liability company and AEGIS SECURITY INSURANCE COMPANY, Bond No. B10 031 695, a foreign corporation, <br><br> Defendants. | Case No.: 1:21-cv-00113-REP <br><br> **MEMORANDUM DECISION AND ORDER RE:** <br><br> **DEFENDANT OUTSIDE THE BOX, LLC'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE** <br> **(Dkt. 27)** <br><br> **PLAINTIFF AUTOMATIC FIRE SYSTEM SERVICES, INC.'S MOTION TO CONSOLIDATE RELATED CASES** <br> **(Dkt. 34)** <br><br> **DEFENDANT OUTSIDE THE BOX, LLC'S MOTION TO STAY DISCOVERY PENDING A RULING ON OTB'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE** <br> **(Dkt. 44)** |

Before the Court are (i) Defendant Outside the Box, LLC's ("OTB") Motion to Dismiss or, Alternatively, to Transfer Venue ("Motion to Dismiss") (Dkt. 27), (ii) Plaintiff Automatic Fire System Services, Inc.'s ("AFSS") Motion to Consolidate Related Cases ("Motion to Consolidate") (Dkt. 34), and (iii) OTB's Motion to Stay Discovery Pending a Ruling on OTB's Motion to Dismiss or, Alternatively, to Transfer Venue ("Motion to Stay) (Dkt. 44). All parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. (Dkt. 35). Because the at-issue forum-selection clause within the parties' Subcontract Agreement requires that disputes be resolved in a court of competent jurisdiction in Lowndes County, Georgia, OTB's Motion to Dismiss is granted insofar as this action is transferred to the Middle District of

**MEMORANDUM DECISION AND ORDER - 1**

Georgia, Valdosta Division. As a consequence of the transfer, AFSS's Motion to Consolidate and OTB's Motion to Stay are denied as moot.

## I. BACKGROUND

The National Park Service contracted with OTB to rehabilitate a warehouse at the Minidoka National Historic Site in Jerome, Idaho (the "Project"). Compl. ¶¶ 1, 31 (Dkt. 1). OTB subcontracted with AFSS to perform fire suppression work in connection with the Project. *Id*. ¶¶ 2, 11. AFSS alleges that it completed its scope of work on the Project but has not been fully compensated by OTB. *Id*. ¶¶ 3, 16-17. AFSS brings this action against OTB, asserting claims for (i) breach of contract, (ii) violation of the Federal Prompt Pay Act, and (iii) unjust enrichment. *Id*. ¶¶ 18-37.[1]

Pointing to a forum-selection clause within the Subcontract Agreement between OTB and AFSS, OTB moves to dismiss AFSS's claims against it or, alternatively, transfer the action to the United States District Court for the Middle District of Georgia, Valdosta Division. *See generally* OTB's Mem. ISO MTD at 5-7 (Dkt. 27-1). The forum-selection clause reads:

> **39.0  DISPUTES AND CHOICE OF LAW**
>
> *As to any dispute or controversy between the Parties arising out of this subcontract which cannot be resolved by good-faith negotiation of the parties, it shall be resolved through litigation in a court of competent jurisdiction of OTB's choice in Lowndes County, Georgia, with or without a jury. Provided, upon Subcontractor's request by written notice, OTB shall within twenty days provide notice of such decision to Subcontractor.  In any such dispute, a Settlement-Oriented Prevailing Party shall be entitled to receive, as part of any award or judgment, eighty percent (80%) of its reasonable attorneys' fees and expert witnesses' fees incurred in handling the dispute.  (Provided, only those attorneys' fees and expert witness fees incurred after written notice is given by either party that it will seek to recover them under this clause may be reimbursed hereunder.)  For these purposes, a "Settlement-Oriented Prevailing Party" shall be a party who obtains a*

---

[1] AFSS also seeks foreclosure of a Miller Act payment bond issued by Defendant Aegis Security Insurance Company ("Aegis"). Compl. at ¶¶ 38-44 (Dkt. 1). Aegis issued a surety bond to OTB for the protection of AFSS pursuant to the Miller Act. *Id*. ¶ 6.

**MEMORANDUM DECISION AND ORDER - 2**

> litigation result more favorable to it than its last formal written offer (made at least twenty calendar days prior to the formal trial or hearing) to settle such litigation or arbitration.  (Where there is no Settlement-Oriented Prevailing Party, each party shall bear its own attorneys' fees and other costs).  *This Agreement shall be governed in all respects by the laws of the State of Georgia and Subcontractor hereby accepts the jurisdiction of such courts.*

Ex. A to OTB's Mem. ISO MTD (Dkt. 27-1) (emphasis added).  In response, AFSS argues that OTB's dismissal/transfer efforts should be rejected because the forum-selection clause does not apply in the first instance due to (i) OTB's inability to establish that the instant dispute cannot be resolved by good-faith negotiation (a triggering precondition according to AFSS), and (ii) OTB's waiver of the forum-selection clause's enforcement by consenting to this Court's jurisdiction.  *See generally* AFSS's Opp. to MTD at 5-7 (Dkt. 33).

## II.  LEGAL STANDARD

In *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), the United States Supreme Court clarified that a party may seek to enforce a forum-selection clause through a motion to transfer under 28 U.S.C. § 1404(a).[2]  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)

---

[2] The Supreme Court also held that 28 U.S.C. § 1406(a) and FRCP 12(b)(3) permit dismissal only when venue is "improper," which turns exclusively on whether the court where the case was filed satisfies the requirements of federal venue laws, regardless of any forum-selection clause. *Atl. Marine Const. Co.*, 571 U.S. at 55-61.  Here, OTB does not assert that venue in this district is improper under federal venue laws.  Instead, it seeks to enforce the Subcontract Agreement's forum-selection clause.  Therefore, pursuant to *Atlantic Marine*, the Court focuses its analysis on OTB's motion to transfer under § 1404(a).  *See also* OTB's Reply ISO MTD at 12 (Dkt. 36) ("Given that OTB moved in the alternative to transfer the case, OTB has no objection to the case being transferred in lieu of dismissal.").

**MEMORANDUM DECISION AND ORDER - 3**

(internal citations and quotation marks omitted). A motion to transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Two steps *typically* inform that decision. First, the court must decide whether the case could have been brought in the forum to which the transfer is sought – meaning the proposed transferee court has jurisdiction and venue is proper there. 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). If so, the second step calls for a case-specific analysis that balances the plaintiff's interest in choosing a forum against the aggregate considerations of convenience and the interest of justice. *Steward Org., Inc. v. Richoh Corp.*, 487 U.S. 22, 29 (1988). Among the private-interest and public-interest factors for the court to consider are: (i) plaintiff's choice of forum; (ii) convenience of the parties and witnesses; (iii) ease of access to the evidence; (iv) familiarity with the applicable law; (v) feasibility of consolidation with other claims; and (vi) any local interest in the controversy; and (vii) the relative court congestion and time of trial in each forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

But in *Atlantic Marine*, the Supreme Court indicated that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Atl. Marine Const. Co.*, 571 U.S. at 63. First, "the plaintiff's choice of forum merits no weight" *Id*. To the contrary, as the party defying the forum-selection clause, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. Second, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests" but instead may only consider arguments regarding public-interest factors. *Id*. at 64. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection

**MEMORANDUM DECISION AND ORDER - 4**

clauses should control except in unusual cases." *Id*. Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules – a factor that in some circumstances may affect public-interest considerations." *Id*. at 64.  "Not only would it be inequitable to allow the plaintiff to fasten its choice of substantive law to the venue transfer, but it would also encourage gamesmanship . . . [by] . . . multiplying opportunities for forum shopping." *Id.* at 65.

## III.  ANALYSIS

OTB seeks to transfer this action to the United States District Court for the Middle District of Georgia, Valdosta Division, on the grounds that the Subcontract Agreement's forum-selection clause requires the parties to litigate any dispute in Lowndes County, Georgia.  AFSS disagrees, arguing that the forum-selection clause does not even apply because (i) OTB has not established that the parties' dispute cannot first be resolved through good-faith negotiation, and (ii) OTB waived enforcement of the forum-selection clause when it consented to this Court's jurisdiction.

A.  **The Forum-Selection Clause's Reference to "Good-Faith Negotiation of the Parties" Does Not Preclude Enforcement of Its Mandate that Any Dispute "be Resolved Through Litigation . . . in Lowndes County, Georgia"**

AFSS contends that the forum-selection clause "only applies 'to any dispute or controversy between the [p]arties . . . *which cannot be resolved by good-faith negotiation of the Parties* . . . .'"  AFFS's Opp. to MTD at 5 (Dkt. 33) (quoting Ex. A to OTB's Mem. ISO MTD (Dkt. 27-1)) (emphasis in original).  From this, AFSS implies either that the parties' dispute *can* in fact be resolved by good-faith negotiation (such that any claimed precondition to the forum-selection clause's enforcement does not exist), or that OTB failed to meet its burden to first establish that the parties' dispute cannot be resolved by good-faith negotiation before enforcing

**MEMORANDUM DECISION AND ORDER - 5**

the forum-selection clause.  *Compare id*. at 5 ("Because this matter can be resolved through good-faith negotiations, the forum-selection clause does not apply to this dispute."), *with id*. at 5-6 ("Thus, since OTB has not established the language of the forum-selection clause, meaning it has not established that the clause applies to this dispute, its Motion must be denied, especially since it has not addressed the relevant factors to establish a transfer in the absence of a forum-selection clause.").  However the argument is exactly constructed, it comes up short.

To begin, there is no indication here that the parties' dispute can be resolved without litigation – i.e., via good-faith negotiation.  Even if such a metric is capable of objective evaluation and measurement, there can be no dispute that AFSS's claims against OTB and Aegis *remain unresolved*, despite an understood preference between the parties for informal and efficient resolution.  After all, it was AFSS – not OTB – that moved on from demand letters and initiated this action, with a subsequent judicially-supervised settlement conference before this Court proving unsuccessful.  In such a setting, it is not enough (and potentially misleading) to flatly proclaim that this matter can be resolved through good-faith negotiation and, in doing so, avoid the forum-selection clause's enforcement.  The record seems to suggest just the opposite.

But more fundamentally, the Court does not read the forum-selection clause as even incorporating a precondition to negotiate in good faith before that same forum-selection clause may be invoked.  It simply directs where legal action is to be situated in the event a dispute cannot be resolved short of litigation.  In other words, there is no underlying good-faith negotiation requirement that operates as a condition precedent; only that, if the parties cannot settle their dispute themselves, then any eventual litigation must take place in Lowndes County, Georgia.  *See, e.g.*, *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 47-48 (1st Cir. 2014) (rejecting appellants' interpretation of similar forum-selection clause language as "lead[ing] to absurd results" because "[s]uch an outcome would defeat the entire purpose of

**MEMORANDUM DECISION AND ORDER - 6**

including a forum-selection clause to begin with, and cannot have been the intent of the parties when they entered the contract."); *Coastal Mechanics Co. v. Def. Acquisition Program Admin.*, 79 F. Supp. 3d 606, 612 (E.D. Va. 2015) (finding that forum-selection clause's reference to thirty-day negotiating period before litigation "is not a condition precedent to invoking the forum-selection clause" and that "[r]egardless of whether there has been thirty days of negotiation, any litigation must be brought in South Korea."). There is thus no condition precedent that OTB must affirmatively establish before litigation is commenced.[3]

In sum, a dispute clearly exists between AFSS and OTB. Regardless of whether there has been any good-faith negotiation to resolve that dispute, the forum-selection clause requires that any litigation be brought in Lowndes County, Georgia.

**B.     OTB Did Not Waive Enforcement of the Forum-Selection Clause**

AFSS separately maintains that OTB waived enforcement of the forum-selection clause by not timely responding to AFSS's notifications that it planned to file a direct action against OTB in Idaho. AFSS's Opp. To MTD at 6 (Dkt. 33). Specifically, AFSS argues that it notified OTB of this lawsuit in two ways – (i) through email correspondence between counsel that legal action in Idaho was forthcoming, and (ii) the fact of action's actual filing – but that OTB never objected within the mandated twenty days. *Id*. at 5-6. The argument is misplaced.

It is well-settled that in interpreting contracts, courts look first to the plain and ordinary meaning of the agreement. *See, e.g.*, *Monarch Greenback, LLC v. Monticello Ins. Co.*, 118 F.

---

[3] The Court takes no position on whether it is even OTB's obligation (rather than AFSS's, as the party opposing OTB's transfer efforts) to establish an otherwise valid condition precedent in light of *Atlantic Marine*. *Atl. Marine Const. Co.*, 571 U.S. at 63-64 ("But when a plaintiff agrees by contract to bring suit only in a specified forum – presumably in exchange for other binding promises by the defendant – the plaintiff has effectively exercised its 'venue privilege' before a dispute arises. Only that initial choice deserves deference, *and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed*.") (emphasis added).

**MEMORANDUM DECISION AND ORDER - 7**

Supp. 2d 1068, 1074 (D. Idaho 1999) (applying Idaho law); *Ross v. SIMU U.S., Inc.*, 2008 WL 11407256 at *4 (N.D. Ga. 2008) (applying Georgia law).[4]  A contract is ambiguous where, upon examining the contract as a whole, it is capable of two or more reasonable meanings.  *Id*.  If the language in the contract is ambiguous, it is ordinarily construed against the party that prepared the contract; however, if the language is clear and explicit, it must govern.  *Id*.  The Court therefore looks to the forum-selection clause's terms to frame and resolve the issue.

The forum-selection clause states in relevant part:

> As to any dispute or controversy between the Parties arising out of this subcontract which cannot be resolved by good-faith negotiation of the Parties, *it shall be resolved through litigation in a court of competent jurisdiction of OTB's choice in Lowndes County, Georgia, with or without a jury.  Provided, upon Subcontractor's request by written notice, OTB shall within twenty days provide notice of such decision to Subcontractor*.

Ex. A to OTB's Mem. ISO MTD (Dkt. 27-1) (emphasis added).  AFSS's argument necessarily presumes that, first, it made the contemplated "request by written notice" to OTB and that, second, OTB's failure to respond to that request within twenty days amounted to a waiver that precluded OTB from insisting that any litigation take place in Lowndes County, Georgia.  Except, neither position aligns with the plain and ordinary meaning of the forum-selection clause.

First, none of AFSS's alleged notifications amounted to a "request" for anything.  For example, the referenced correspondence between counsel simply discussed procedural courtesies attendant to AFSS's anticipated filing of an action in the District of Idaho.  *See* 2/10/21 emails, attached as Ex. A to Campbell Decl. (Dkt. 33-1).  Nowhere within these exchanges does AFSS ask OTB for any information at all, let alone request that OTB provide notice of its decision

---

[4] The parties' briefing does not address choice of law.  Therefore, the Court includes both Idaho and Georgia legal authority on contract interpretation.  As expected, their respective considerations of the matter do not materially diverge.

**MEMORANDUM DECISION AND ORDER - 8**

about the locus of any litigation.  Without a compliant request, there can be no corresponding waiver.[5]  Likewise, only a tortured reading of the forum-selection clause would allow an action's filing (in a forum instantly at odds with the forum-selection clause itself) to simultaneously constitute a request in satisfaction of that same forum-selection clause's notice requirement.  This "cart-before-the-horse" approach would endorse a practice that the forum-selection clause is expressly designed to avoid.  Viewed in such ways, an action's filing cannot represent the sort of "request by written notice" that the forum-selection clause requires.

Second, even assuming a proper upfront request, any failure on OTB's part to respond within twenty days would only waive its ability to unilaterally choose *where within Lowndes County, Georgia* a claim can be brought, and *whether* that claim is tried before a jury.  This is because the forum-selection clause anticipates that a subcontractor's request to OTB is for its pre-litigation "decision" on the previously-identified "choice(s)" before it – namely, (i) which court in Lowndes County, Georgia will hear a particular dispute, and (ii) whether that dispute will be heard before a jury.  A waiver affects only these two choices.  But to be clear, the forum-selection clause requires that the action be brought in Lowndes County, Georgia.

At bottom, there may be room to argue that the forum-selection clause could be clearer.  But this after-the-fact assessment does not make it ambiguous, especially when, read in its entirety, the forum-selection clause not only contemplates that any litigation will take place in Georgia, but that Georgia law will apply to such litigation, and that AFSS accepts the jurisdiction of Georgia's courts.  Ex. A to OTB's Mem. ISO MTD (Dkt. 27-1).  No logical reading of the

---

[5] The Court notes a separate "Notices" provision in the parties' Subcontract Agreement, requiring that "[a]ny notice under this Agreement shall be . . . delivered . . . to the Points of Contact set forth on the signature page of this Subcontract Agreement or to such other address as either party may designate by written notice to the other."  Ex. A to OTB's Mem. ISO MTD (Dkt. 27-1).  It is not clear whether any notice giving rise to OTB's alleged waiver complied with this provision.

**MEMORANDUM DECISION AND ORDER - 9**

forum-selection clause compels a different result; nor would it suggest that OTB waived the forum-selection clause's enforcement.

**C.    Equitable Factors Informed by the Forum-Selection Clause Favor Transfer**

Where, as here, a valid forum-selection clause exists, the Court's analysis is limited to the public interest factors only – the Court does not consider the plaintiff's choice of forum, private interests, or Idaho's choice-of-law rules.  *Atl. Marine Const. Co.*, 571 U.S. at 63.  The public interest factors the Court considers are:  (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law.  *Id*. at 62, n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981)).  In all but the most unusual cases, those factors will rarely defeat a transfer motion and "the interest of justice" is served by holding parties to their bargain.  *Atl. Marine Const. Co.*, 571 U.S. at 64-66.

AFSS argues that (i) no party or witnesses have any connection to Georgia; (ii) the Project is located in Idaho; (iii) the indispensable witnesses are all located in Idaho (and beyond subpoena power in Georgia); and (iv) there is a high risk of inconsistent results if this action is transferred, while an earlier-filed, related case remains in this district.  AFSS's Opp. To MTD at 11-12 (Dkt. 33) (citing Case No. 1:20-cv-00407-REP).  These factors typically may be persuasive.  But in light of the applicable forum-selection clause, they have little effect in avoiding transfer.

Convenience of the parties and relative ease of access to sources of proof constitute private interest factors that are not to be considered.  *Atl. Marine Const. So.*, 571 U.S. at 62-64.  Moreover, while the Project is in Idaho, Georgia law applies to subvert that recognized interest.  Finally, any claim that a transfer runs the risk of inconsistent rulings ignores the fact that AFSS voluntarily dismissed its third-party action against OTB and Aegis in the related case, only to

**MEMORANDUM DECISION AND ORDER - 10**

bring a separate action against those same parties here. In short, owing to the forum-selection clause's existence, these factors do not satisfy OTB's burden of establishing "extraordinary circumstances unrelated to the convenience of the parties." *Id*. at 62.

In contrast, the parties agreed in advance to litigate all their claims in Lowndes County, Georgia by virtue of the forum-selection clause. That proviso "may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place." *Id*. at 66. These settled expectations will not be disrupted. A transfer is warranted.

## IV.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant OTB's Motion to Dismiss or, Alternatively, to Transfer Venue (Dkt. 27) is GRANTED in part, and DENIED in part as follows:

    a. AFSS's claims against OTB and Aegis are not dismissed. In this respect, the motion is DENIED.

    b. AFSS's claims against OTB and Aegis are transferred to the United States District Court for the Middle District of Georgia, Valdosta Division, pursuant to 28 U.S.C. § 1404(a). In this respect, the motion is GRANTED. The Clerk shall transfer the case to the United States District Court for the Middle District of Georgia, Valdosta Division.

2. AFSS's Motion to Consolidate Related Cases (Dkt. 34) is DENIED as moot, without prejudice.

///

///

///

///

**MEMORANDUM DECISION AND ORDER - 11**

3.  OTB's Motion to Stay Discovery Pending a Ruling on OTB's Motion to Dismiss or, Alternatively, to Transfer Venue (Dkt. 44) is DENIED as moot.



DATED:  November 17, 2021

_____
Honorable Raymond E. Patricco
United States Magistrate Judge